IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

CARLOS ROBLES TILE & STONE, INC.            CASE #18-05145 MCF

Debtor                                       CHAPTER 11

## AMENDED PLAN OF REORGANIZATION

**DATED: MAY 10 , 2019**

### DEFINITIONS

1. **"DEBTOR"** shall mean **CARLOS ROBLES TILE & STONE, INC.**

2. **"CHAPTER 11"** shall mean Chapter 11 of the Bankruptcy Code, Title 11 U.S. Code 101 et seq.

3. **"CREDITORS"** shall mean all creditors of the debtor holding claims for unsecured debts, liabilities, demands or claims of any kind whatsoever.

4. **"PLAN"** shall mean this PLAN OR REORGANIZATION in its present form or as it may be amended or supplemented.

5. **"COURT"** shall mean the United States Bankruptcy Court for the District of Puerto Rico, including the United States Bankruptcy Judge presiding in the Chapter 11 case of the debtor.

1

6. **"CLAIM"** shall mean a duly listed or timely filed claim which is allowed and ordered paid by the Court.

7. **"CONFIRMATION OF THE PLAN"** shall mean the entry by the Court of an order confirming the Plan in accordance with Chapter 11 of the Bankruptcy Code.

8. **"EFFECTIVE DATE"** shall be that date thirty (30) days after the Order confirming the Plan becomes final and non-appealable.

## ARTICLE 1
## CLASSIFICATION OF CLAIMS

1.1 **CLASS 1- ADMINISTRATIVE EXPENSES**

Costs and expenses of administration as defined in the Bankruptcy Code for which application for allowance of a claim is filed prior to the effective date, if required, as same are allowed, approved and ordered paid by the Court. Government's administrative expense claims will be paid in full upon the effective date of the Plan

1.2. **CLASS 2- GENERAL SECURED CREDITORS**

( 2) Class 2 consists of all secured claims or portions of claims to date filed. The expected amount allowed in this claims is $521,723. Any allowed amount owed under this class will be paid in full over a period not exceeding seven (7) years from the effective date of the Plan. An interest of 3% annually fixed rate will be paid to secured creditor's allowed claims.
<u>a. As to the treatment to creditor Oriental Bank's Claims number 7 & 8, (secured and unsecured); Debtor proposes to pay no later of ninety (90) days from this date, a lump sum discount payment in the amount of $400,000.00 as a total payout and settlement of both claims. An Stipulation will be file by the parties upon agreement.</u>
<u>Debtor will make adequate protection payment of $3,000.00 per month to Secured creditor Oriental Bank's claims #7 & # 8 until the payment of the total amount of $400,000.00 to be stipulated.</u>

2

1.3     **CLASS 3- UNSECURED PRIORITY CLAIMS**

(3) Class 3 are claims entitled to priority pursuant to U.S.C. Sections 507 (a)(2),(3),(4),(5),(6),(7),(8) and (9) of the Bankruptcy Code, as the same are allowed, approved and ordered paid by the Court. Government's priority claims under section 507 (a)(8) will be treated as Class 3 Claims to be paid in full over 5 years. Any amounts owed under this class, shall be paid in full by debtor with interest at the rate of 5%; over a period ending no later than five (5) years after the date of the order for relief (September 5, 2018), paid in monthly installments and final payment at the end of the five years period.

1.4     **CLASS 4- GENERAL UNSECURED CREDITORS**

(4) Class 4 are unsecured claims whose claims to the extent that such claims are approved and allowed by the Court or deemed allowed under the provisions of the Bankruptcy Code. Each member of this class will receive a distribution equal to 5% of its allowed claim pursuant to the terms and conditions of the plan, that is on monthly installments during seven (7) years following the effective date

1.5     **CLASS 5- EQUITY INTEREST HOLDERS**

(5) Equity Interest Holdewrs are parties who hold an ownwership interest (equity interest) in the Debtor. In a corporation, entities holding preferred or common stock are equity interest holders.

The shareholders will not receive any dividend under the Plan on account of his equity security.

Classes 1, 2 and 3 are not impaired by the Plan. Class 4 is inpaired by the Plan.

## ARTICLE 2

## CLAIMS NOT IMPAIRED UNDER THE PLAN

2.1 Class 1and 2 creditors shall be paid in full on the Effective Date or as soon as feasible after the date any such claim becomes an allowed Administrative claim, or as otherwise due in the normal course of Debtor's activities.

2.2 Classes 2 and 3 creditors- shall be paid in full as projected in the Amended Disclosure Statement dated May 10, 2019 commencing on the effective date and monthly thereafter as therein indicated in the Disclosure Statement or as otherwise ordered by the Court.

## CLAIMS IMPAIRED BY THE PLAN

2.2 - Class 2, Class 3 and creditors - All creditors entitled to priority under Sec. 507 507 (a) (7) and unsecured claims allowed by the Court, shall be paid the amounts approved by the Court in accordance with Title 11 U.S.Code Section 1129 (a) (9) ©. **Any amounts owed under this priority class will be paid in full by debtor with interest at the rate of 5%; over a period not exceeding five (5) years from the date of relief, (September 5, 2018); paid in monthly installments and a final payment at the end of the five years period.**

## ARTICLE 3

## TREATMENT OF CLASSES THAT ARE IMPAIRED UNDER THE PLAN

3.1 Class 4 are the claims of unsecured creditors without priority to the extent that such claims are approved, allowed and ordered paid by the Court. The Plan provides for Debtor to pay 5% of these unsecured claims on monthly installments for a period of 84 months.

## ARTICLE 4

## MEANS FOR EXECUTION AND IMPLEMENTATION OF THE PLAN

4.1 As soon as feasible after the Order of Confirmation of this Plan becomes final and unappealable, the operation of the Debtor shall be and will become the general responsibility of the Debtor under its officer and president Mr.Carlos Robles Marin.

4.2 Except as otherwise provided in the Plan, Debtor will effect payment of all Administrative Expense Claims, Priority Tax Claims and General Unsecured Claims. The other claims will be paid according to the Plan schedule provided.

On the Effective Date of the Plan the distribution, administration and management of debtor´s affairs, collection of moneys and distribution to creditors, will be under the control and supervision and administration of the current president of the Corporation, Mr. Carlos Robles Marin. He will assume the same roles that he has been assuming throughout this reorganization process.. Debtor does not anticipate adjustments to officer´s salary or dividends distribution during the next five or during the life of the reorganization plan. The officers of the Corporation will not receive any dividend during the duration of the Payment Plan.

The Plan shall be funded by the following means:

**Cash on hand at the Effective Date.**

**Funds to be obtained from the operation of debtor's business.**

**Aditional income from new sales on commercial construction and remodeling projects.**

**New quotations for projects in the carribean area are expected during year 2019.**

. Future income from savings on reduction of operational expenses maintaining and increasing the services to customers, revising the monthly rates will be use also for the payment plan.Projections for the next five years are attached herewith.

## ARTICLE 5

5

## LEASES AND EXECUTORY CONTRACTS

5.1 Rejection of Executory Contracts

Debtor's executory contract, as listed in Schedule G to Debtor's petition which (i) have not expired by their own terms on or prior to the Confirmation Date, (ii)have not been assumed and assigned or rejected with the approval of the Bankruptcy Court on or prior to the Confirmation Date, (iii) are not the subject of a motion to assume or reject which is pending on the Confirmation Date, shall be deemed assumed on the Effective Date, as they may have been amended or modified and the entry of the Confirmation Order by the Bankruptcy Court shall constitute approval of such assumption pursuant to Sections 365(a) and 1123(b)(2) of the Bankruptcy Code.

Debtor assumes commercial lease contract as described in Schedule "G"of the petition.

## ARTICLE 6
## MISCELLANEOUS

6.1 Until the case is closed, the Court shall retain jurisdiction to hear and determine all claims against the Debtor if any.

6.2 **Amendment or Modification of the Plan**. Alterations, amendments or modifications of the Plan may be proposed in writing by Debtor at any time prior to the Confirmation Date, provided that the Plan, as altered, amended or modified, satisfies the conditions of Sections 1122 and 1123 of the Bankruptcy Code, and Debtor shall have complied with section 1125 of the Bankruptcy Code. The Plan may be altered, amended or modified at any time before and after the Confirmation Date and before substantial consummation, provided that the Plan, as altered, amended or modified, satisfies the requirements of Sections1122 and 1123 of the Bankruptcy Code and the Bankruptcy Court, after notice and hearing, confirms the Plan, as altered, amended or modified, under Section 1129 of the Bankruptcy Code. A holder of a Claim that has accepted the Plan shall be deemed to have accepted the Plan as altered, amended or modified, if the proposed alteration, amendment or modification does not

materially and adversely change the treatment of the Claim of such holder. Debtor may, without notice to holders of Claims insofar as it does not materially and adversely affect the interests of any such holders, correct any defect or omission in the Plan and any exhibit thereto or in any Plan Document.

6.3 Debtor shall have until thirty (30) days after the Effective Date to file objections to claims. Any claims not objected to prior to the expiration of said period will be considered allowed.

6.4 Specifically, the Court will retain jurisdiction after confirmation to hear and determine until final order or decree any adversary proceeding initiated by Debtor prior to confirmation and which remains open and undetermined upon confirmation.

6.5 All transactions contemplated under this Plan shall take place on the Effective Date, except as otherwise set forth herein.

6.6 **Withholding and Reporting Requirements**. In connection with the consummation of the Plan, Debtor shall comply with all withholding and reporting requirements imposed by any federal, state, local or foreign taxing authority and all distribution hereunder shall be subject to any such withholding and reporting requirements.

6.7 **Plan Documents**. Upon filing with the Bankruptcy Court, the Plan Documents may be inspected at the office of the Clerk of The Bankruptcy Court during normal court hours. Holders of Claims may obtain a copy of the Plan Documents upon written request to Debtor. Any Plan Documents are incorporated into and made a part of the Plan, as if fully set forth in full herein.

**6.8 Discharge of Debtor**

**Discharge.** On the effective date of the Plan, the Debtor shall be discharge from any debt that arouse before confirmation of the Plan, subject to the occurrence of the effective

date, to the extent specified in § 1141(d)(1) (A) of the Code, except that the Debtor shall not be discharged of any debt (I) imposed by the Plan, (ii) of a kind specified in § 1141 (d) (6) (A) if a timely complaint was filed in accordance with Rule 4007 © of the Federal Rules of Bankruptcy Procedure, or (iii) of a kind specified in § 1141 (d) (6) (B). After the effective date of the Plan your claims against the Debtor will be limited to the debts described in clauses (I) through (iii) of the preceding sentence.

**6.9 Final Decree.**

Once the estate has been fully administered, as provided in Rule 3022 of the Federal Rules of Bankruptcy Procedure, the Plan Proponent, or such other party as the Court shall designate in the Plan Confirmation Order, shall file a motion with the Court to obtain a final decree to close the case. Alternatively, the Court may enter such a final devree on its own motion.

**6.10 Filing of Additional Documents.** On or before substantial consummation of the Plan, Debtor shall file with the Bankruptcy Court any agreements or other documents that may be necessary or appropriate to effectuate and further evidence the terms and conditions hereof.

San Juan, Puerto Rico this 10th day of May, 2019.

CARLOS ROBLES TILE STONE, INC.

s/Carlos Robles Marin
  CARLOS ROBLES MARIN   President


s/Luis D. Flores Gonzalez
  LUIS D. FLORES GONZALEZ 121505
  Attorney for Debtor
  Georgetti #80 Suite 202
  Río Piedras, P.R. 00925
  Tel: (787) 758-3606
  ldfglaw@yahoo.com